

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | No. 5:06-CR-105-C |
| | § § | |
| BOOKER PACK, LP (02) | § | |

## PLEA AGREEMENT

Booker Pack, LP, defendant, the defendant's attorney, Bill Price, and the United States of America (the government), agree as follows:

1. **Rights of the defendant:** Booker Pack, LP understands its rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have its guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Booker Pack, LP waives these rights and agrees to enter a voluntary plea of guilty before United States Magistrate Judge Nancy M. Koenig on Monday, April 16, 2007, at 3:00 p.m, in Lubbock, Texas, to the offense alleged in the Single Count Superseding Information, charging a violation of 21 U.S.C. § 610(d) and 676(a), that is, Misdemeanor Misbranded Meat Product.

Plea Agreement- Page 1

Additionally, Booker Pack, LP knowingly and intelligently, and upon advice of counsel, waives its right to be tried in the Amarillo Division of the Northern District of Texas. Booker Pack, LP understands the nature and elements of the crime to which it is pleading guilty, and agrees that the Factual Resume signed by its duly authorized representative is true and will be submitted as evidence.

3. **Sentence:** The maximum penalty the Court can impose includes:

   a. a term of probation of not more than five (5) years;

   b. a fine of not more than $200,000.00 for this Class A misdemeanor, or both;

   c. a mandatory assessment of one hundred twenty-five ($125.00) pursuant of 18 U.S.C.§ 3013(a)(1)(B)(iii); and

   d. restitution as ordered by the Court.

4. **Court's sentencing discretion and role of the guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consulting the United States Sentencing Guidelines and the factors found in 18 U.S.C. § 3553(a). The guidelines are not binding on the court, but are advisory only.

5. Booker Pack, LP understands that this plea does not create a right to be sentenced within, or below, any particular guideline range, and fully understands that the actual sentence imposed (so long as it is within the statutory maximum), is solely in the discretion of the Court.

6. **Government's agreement:** The government will not bring any additional

charges against Booker Pack, LP based on the conduct underlying and related to Booker Pack, LP's plea of guilty, and will ensure that the Indictment is dismissed after the defendant has entered its voluntary plea of guilty to the Misdemeanor offense of Misbranded Meat Product and is sentenced. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government agrees that the appropriate disposition of this case is a term of probation for one (1) year, a fine of $9,000.00, and a mandatory special assessment of $125.00. The defendant understands that such a recommendation or request binds the Court once the Court accepts the plea agreement. This agreement is limited to the United States Attorney's Office for the Northern District of Texas, and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Booker Pack, LP or any property. However, the USDA Food Safety and Inspection Service (FSIS), Evaluation and Enforcement Division, has assured Booker Pack, LP, and Co-defendant Booker Management, LLC, that since each entity is entering a misdemeanor plea to the Superceding Information herein, based on the sole facts of this case, FSIS will not seek to withdraw Federal inspection services pursuant to 21 U.S.C. § 671 as set forth more fully in its letter of March 19, 2007, a copy of which has been provided to defense counsel.

7. **Defendant's agreement:** At the time of its guilty plea, Defendant Booker Pack, LP agrees to pay to the United States District Court Clerk a cashier's check in the amount of $9,000.00, in satisfaction of the stipulated fine in this case. Additionally,

Booker Pack, LP agrees to pay to the United States District Court Clerk the amount of $125.00, in satisfaction of the mandatory special assessment in this case.

8. **Violation of agreement:** Booker Pack, LP understands that if it violates any provision of this agreement, or if this guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute it for all offenses of which it has knowledge. In such event, Booker Pack, LP waives any objection based upon delay in prosecution. If the plea is vacated for any other reason other than a finding that it was involuntary, Booker Pack, LP also waives objection to the use against it of any information or statements it has provided to the government, and any resulting leads.

9. **Waiver of right to appeal or otherwise challenge sentence**: Booker Pack, LP waives its rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from its conviction and sentence. Booker Pack, LP further waives its right to contest its conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255, on any ground, except claims of ineffective assistance of counsel. Booker Pack, LP also reserves the right: (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment, and (b) to challenge the voluntariness of its plea of guilty or this waiver.

10. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises. There have been no guarantees or

promises from anyone as to what sentence the Court will impose.

11.     **Representation of counsel:** Booker Pack, LP has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation.  Booker Pack, LP has received from its lawyer explanations satisfactory to it concerning each paragraph of this plea memorandum, each of its rights affected by this document, and the alternatives available to it other than entering a guilty plea.  Because Booker Pack, LP concedes that it is guilty, and after conferring with its lawyer, Booker Pack, LP has concluded that it is in its best interest to plead guilty, rather than to proceed to trial in this case.

12.     **Entirety of memorandum:** This document is a complete statement of the parties' understanding and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 9th day of April, 2007.

*Booker Pack, LP*  
BOOKER PACK, LP  
Defendant

By: *Donald L. Clift*  
    DONALD L. CLIFT

Its: Partner

*William S. "Bill" Price*  
WILLIAM S. "BILL" PRICE  
Attorney for Defendant

RICHARD B. ROPER  
UNITED STATES ATTORNEY

*C. Richard Baker*  
C. RICHARD BAKER  
Assistant United States Attorney  
Texas State Bar No. 01565500  
1205 Texas Ave., Suite 700  
Lubbock, Texas 79401  
Telephone: 806.472.7562  
Facsimile: 806.472.7394

*Roger L. McRoberts*  
ROGER L. MCROBERTS  
Deputy Criminal Chief

## DEFENDANT'S CERTIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to plead guilty.

*Booker Pack, LP*    April 9th 2007  
BOOKER PACK, LP    DATE  
Defendant

By: *Donald L. Clift*  
    DONALD L. CLIFT

Its: Partner

## ATTORNEY'S CERTIFICATION

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter a plea of guilty is an informed and voluntary one.

_____    _____
WILLIAM S. "BILL" PRICE              DATE
Attorney for Defendant